UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, S.C.

2009 JUN 24   A 11: 02

| | |
|---|---|
| Earl Steven Henderson, # 16370-171, | ) C/A No. 2:09-1599-RBH-RSC |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Warden, Edgefield Satellite Prison Camp, | ) |
| | ) |
| Respondent. | ) |

## Background of this Case

The petitioner is an inmate at the Satellite Prison Camp at FCI-Edgefield of the Federal Bureau of Prisons (BOP). The petitioner is serving a "year and a day" sentence for wire fraud. He contends that he is eligible for twelve months of community confinement placement and that current BOP policy violates the Second Chance Act of 2007. The petitioner acknowledges that he has not exhausted his BOP remedies, but contends that exhaustion would be futile because BOP General Counsel's memoranda dated April 14, 2008, and November 14, 2008, indicate that the BOP will not change its position.

1

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

(1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the petitioner has not completed any of the steps in the Federal Bureau of Prison Administrative Remedy Procedure, this case is subject to summary dismissal for failure to exhaust federal prison remedies. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 531 U.S. 956 (2001); and *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq.*, and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. *See* 18 U.S.C. § 3625. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).

With respect to his request for community confinement placement,[3] the petitioner must file a formal grievance (Request for Administrative Remedy) with the Warden of his prison (using a Form BP-9). See 28 C.F.R. § 542.13(b); and Hernandez v. Steward, 1996 U.S.Dist. LEXIS 18076, 1996 WL 707015 (D. Kan., Nov. 27, 1996) (federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court).[4]

---

[3]The petitioner uses the acronym "CCC" to refer to placement in a community correctional center.

[4]In Hernandez v. Steward, the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> The case comes before the court on the government's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and the government's motion to grant its motion to dismiss as uncontested (Dk. 18). By minute order filed October 23, 1996, (Dk. 20), the court gave the plaintiff until November 15, 1996, to file a response in accordance with D. Kan. Rules 7.1 and 7.6. The court also cautioned the plaintiff that "[i]f a response is not timely filed, the court may consider and decide the defendants' motion to dismiss as an uncontested motion." (Dk. 20). The plaintiff has not filed a response within the time provided.
>
> The defendants seek dismissal arguing the plaintiff has not exhausted the administrative remedies available to inmates confined in correctional facilities operated by the federal Bureau of Prisons. See 28 C.F.R. Part 542. The Prison Litigation Reform Act, signed into law on April 26. 1996, Pub. L. No. 104-132, amended 42 U.S.C. § 1997e making it mandatory that a prisoner exhaust his administrative remedies. [FN1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

(continued...)

4

(...continued)
as are available are exhausted." 42 U.S.C. § 1997e(a).

> [FN1. The Prison Litigation Reform Act took effect three days before the plaintiff filed this action.]

In his complaint, the plaintiff declares under penalty of perjury that he exhausted his administrative remedies and that he "filed what they called informal remedy which is BP, 8, 9, and 10 and they never replaid (sic) to" him. (Dk. 2 p. 3). The plaintiff does not attach copies of any forms he says were "filed." The plaintiff's conclusory assertion is not enough to demonstrate exhaustion within the meaning of § 1997e(a).

Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied*, 116 S. Ct. 112 (1995).

The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant

(continued...)

When the Warden of FCI-Edgefield has issued her determination on the petitioner's formal grievance, only the first step of the formal administrative process will have been completed. Hence, the petitioner must appeal the Warden's determination to the Regional

---

(...continued)
to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

*Hernandez v. Steward*, at *1-*2.

Director of the Federal Bureau of Prisons, and, if necessary, will have to appeal to the Office of General Counsel. 28 C.F.R. § 542.15. *See also Williams v. O'Brien*, 792 F.2d at 987. The petitioner "has no alternative but to comply" with these administrative procedures. *Williams v. O'Brien*, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court); and *Peterson v. Lappin*, 2007 U.S. Dist. LEXIS 59389, 2007 WL 2332083 (D. Colo., Aug. 14, 2007), which was an order entered by the Honorable David M. Ebel, United States Circuit Judge, sitting by designation:

> The available record here indicates that Mr. Peterson filed the instant Habeas Application without complying with the administrative remedies provided pursuant to the Administrative Remedy Program. Documents submitted by Director Lappin indicate that Mr. Peterson filed, and received a substantive response to, an administrative request regarding the instant issue submitted pursuant to the Administrative Remedy Program after having filed this Habeas Application. There is no evidence that Mr. Peterson has ever appealed to the BOP's General Counsel, the "final administrative appeal" in the Program. 28 C.F.R. § 542.15(a). Mr. Peterson has also not provided any reason to believe that following through with the available administrative appeals process would have been useless or futile; merely having his initial requests denied is certainly not a sufficient reason to waive the requirement of exhausting available administrative appeals. Accordingly, we must dismiss this Habeas Application.

*Peterson v. Lappin*, 2007 U.S. Dist. LEXIS 59389 at *3-*4, 2007 WL 2332083 at *2.[5]  *See also Shoup v. Shultz*, 2009 U.S. Dist. LEXIS

---

[5]*Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), is being applied to the Federal Bureau of Prisons by federal courts in civil rights cases, notwithstanding statutory provisions and C.F.R. provisions requiring exhaustion of the BOP Administrative Remedy Procedure. *See Green v. Madden*, 2007 U.S.Dist. LEXIS 29189, 2007 WL 1173038 (D. Kan., April 19, 2007), which holds that *Jones v. Bock* overrules *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). Even so, in a habeas corpus action, such as the above-captioned case, the petitioner must exhaust his administrative remedies in the Federal Bureau of Prisons. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241); and *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 U.S. Dist. LEXIS 54310, 2007 WL 2155544 (M.D. Pa., July 26, 2007), *affirmed*, No. 07-3387, 271 Fed.Appx. 158, 2008 U.S.App. LEXIS 7350, 2008 WL 902984 (3rd Cir., April 4, 2008), where the district court held that *Jones v. Bock* was not applicable to habeas corpus actions brought pursuant to 28 U.S.C. § 2241:

> We will adopt the report with respect to the failure to exhaust administrative remedies. A federal prisoner must exhaust his administrative remedies prior to filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996). A district court may use its inherent power to dismiss, sua sponte, a complaint which concedes that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir.2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on *Ray* for sua sponte dismissal of an unexhausted § 2241 petition). Lindsay's reliance on *Jones, supra*, a recent Supreme Court case, is unavailing. As quoted in Lindsay's brief, the *Jones* Court concluded that "failure to exhaust is an affirmative
>
> (continued...)

46955, 2009 WL 1544664 (D.N.J., June 2, 2009) ("Consequently, no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.").

Significantly, the BOP General Counsel's memorandum dated November 14, 2008 (Entry No. 1-3) indicates that the BOP, under the Second Chance Act, must make an individualized determination on a federal prisoner's request for community confinement placement. By filing a grievance (Request for Administrative Remedy), the petitioner can obtain the individualized determination required by the Second Chance Act. Since it is not clear, at this stage, whether, the BOP General Counsel's memorandum dated November 14, 2008, violates the Second Chance Act and other statutory provisions, such as 18 U.S.C. § 3621, the petitioner's failure to exhaust should not be excused. *See Gambrell v. Dewalt*, 2008 U.S.Dist. LEXIS 53300, 2008 WL 2758671 (E.D. Ky., July 11, 2008), which addressed a federal prisoner's request for community confinement placement under the Second Chance Act:

---

(...continued)
         defense under the PLRA." 127 S.Ct. at 921 (emphasis added). The PLRA, however, does not apply to habeas corpus proceedings. *Watkins v. Holt*, 177 Fed. Appx. 251, 253 n. 4 (3d Cir.2006) (nonprecedential) (citing *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir.2000); *Santana v. United States*, 98 F.3d 752, 756 (3d Cir.1996)). Therefore, *Jones* is not controlling in our analysis.

Considering the first factor in relation to this case-Gambrell's likelihood of success on the merits-the outcome is highly questionable at this stage for three reasons. First, as noted, the record is incomplete absent evaluation of the CCC placement issue by the Warden, the BOP Mid-Atlantic Office and the BOP Central Office.

Second, Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner," 18 U.S.C. § 3621; *Moody v. Daggett*, 429 U.S. 78, 88 (1976); and *Beard v. Livesay*, 798 F.2d 874 (6th Cir.1986). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979).

The general rule is that the Due Process Clause of the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. *Moody v. Daggett*, 429 U.S. at 88; *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543 (1976). Inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." *Hewitt v. Helms*, 459 U.S. 460 at 468, (1983).

In short, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison (such as a CCC), security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, (1976); *Montanye v.. Haymes*, 427 U.S. at 242; *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976); *Bolger v. U.S. Bureau of Prisons*, 65 F.3d 48

> (5th Cir.(Tex.) 1995). Accordingly, the petitioner simply has no due process right, protected by the Fifth Amendment, to be placed in a CCC earlier than the date on which the BOP assigns him.

Gambrell v. Dewalt, 2008 U.S.Dist. LEXIS 53300, at *10-*12, 2008 WL 2758671 at *4-*5. Cf. Lyons v. United States Marshals, 840 F.2d 202, 205 (3rd Cir. 1988) (exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights).

### Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file a return or an answer.* See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this

Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

June 24, 2008  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).