UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Earl Steven Henderson, ) | Civil Action No.: 2:09-cv-01599-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Edgefield Satellite ) | |
| Prison Camp, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The Petitioner, Earl Steven Henderson, is a federal prisoner proceeding *pro se* under Title 28 U.S.C. § 2241. He is currently an inmate at the Satellite Prison Camp at FCI-Edgefield of the Federal Bureau of Prisons (BOP).

This case was assigned to United States Magistrate Judge Robert S. Carr.[1] Pending before the court is a Report and Recommendation [Docket Entry #6] from the Magistrate Judge filed on June 24, 2009. In his petition, Petitioner acknowledged that he had not exhausted his BOP remedies. Based on that fact, the Magistrate Judge recommended that the petition should be dismissed without prejudice for failure to exhaust federal prison remedies. Petitioner filed his Objections to the Report and Recommendation [Docket Entry #10] on July 9, 2009.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

Petitioner seeks a determination that he is eligible for twelve (12) months of Community Confinement Placement pursuant to 18 U.S.C. § 3624(c), and a finding that Respondent is abusing her discretion by determining Petitioner's placement in a method contrary to the Second Chance Act. *Petition* at 1.

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his confinement. *See* 28 C.F.R. §§ 542.10–542.15. Regarding community confinement placement, a prisoner must first file his request with his prison's warden.[2] If unhappy with the warden's response, a prisoner then may file an initial appeal with the Regional Director of the Federal Bureau of Prisons and, if necessary, a second appeal thereafter with the Office of General Counsel.[3]

---

[2] 28 C.F.R. § 542.14

[3] 28 C.F.R. § 542.15

In the petition presently before this court, Petitioner admitted his failure to exhaust BOP administrative remedies. Moreover, in his objections, Petitioner provided no additional evidence to prove exhaustion of his BOP administrative remedies prior to seeking § 2241 relief.

It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *see also United States v. Strickland*, No. 7:98-cr-82-5-F(1), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004) ("Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10–16 (1997) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review."). Therefore, because there is no evidence presently before this court that Petitioner has exhausted his administrative remedies within the BOP, his petition should be dismissed without prejudice.

## **Conclusion**

The court has reviewed the Report and Recommendation, objections, pleadings, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Additionally, Petitioner's Motion for Preliminary Injunction [Docket Entry #8] and Motion to Appoint Counsel [Docket Entry #9] are rendered moot by this decision. This case is hereby **DISMISSED** *without prejudice* and without requiring Respondent to file a return or an answer.

**IT IS SO ORDERED.**

                                                              s/ R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

October 14, 2009
Florence, South Carolina